UNITED STATES DISTRICT COURT
for the
Western District of Kentucky
Bowling Green Division

| | | |
|---|---|---|
| Jerry Johnson | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No.  1:13CV-129-M |
| | ) | |
| Asset Acceptance, LLC | ) | |
|     *Defendant* | ) | |
| | ) | |
|     Serve: | ) | |
|     The Corporation Trust Co. | ) | |
|     Corporation Trust Center | ) | |
|     1209 Orange Street | ) | |
|     Wilmington, DE 19801 | ) | |
| | ) | |
| Cavalry Portfolio Services, LLC | ) | |
|     *Defendant* | ) | |
| | ) | |
|     Serve: | ) | |
|     The Corporation Trust Co. | ) | |
|     Corporation Trust Center | ) | |
|     1209 Orange Street | ) | |
|     Wilmington, DE 19801 | ) | |
| | ) | |
| NCO Financial System, Inc. | ) | |
|     *Defendant* | ) | |
| | ) | |
|     Serve: | ) | |
|     C T Corporation System | ) | |
|     306 W Main Street | ) | |
|     Suite 512 | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| Credit Control Services, Inc. | ) | |
|     *Defendant* | ) | |
| | ) | |
|     Serve: | ) | |
|     Allstate Corporate Services Corp. | ) | |
|     1679 S Dupont Hwy | ) | |
|     Suite 100 | ) | |
|     Dover, DE 19901 | ) | |

Revenue Recovery Corp )
    *Defendant* )
     )
    Serve: )
    Swersky, Gregg A )
    7005 Middlebrook Pike )
    Knoxville, TN 37909-1156 )
     )
Focus Receivables Management, LLC )
    *Defendant* )
     )
    Serve: )
    C T Corporation System )
    306 W. Main St. )
    Suite 512 )
    Frankfort, KY 40601 )
_____ )

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.    This is an action by a consumer seeking damages for Defendant Asset Acceptance's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, and the remaining Defendants violations of the Fair Consumer reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Asset Acceptance, LLC ("AAL") violated the FDCPA by reporting false information to consumer reporting agencies ("CRA") concerning a debt allegedly owed by Mr. Johnson. In particular, AAL reported an inflated amount due on the debt to CRA's in connection with a charged-off credit card debt that AAL allegedly purchased from Bank of America. The other five Defendants in this action violated the FCRA by obtaining a copy of Mr. Johnson's consumer report without a permissible purpose.

### JURISDICTION

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the FDCPA, 15 U.S.C. § 1692k, and the FCRA 15 U.S.C. § 1681p.

### PARTIES

3.    Plaintiff, Jerry Johnson, is a citizen of the United States of America and of the Commonwealth of Kentucky residing in Warren County, Kentucky. At all times, Mr. Johnson is and was a "consumer" within the meaning of the FDCPA and FCRA.

4.    Defendant, Asset Acceptance, LLC, is a foreign limited liability company, which is not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing

debt from creditors and collecting these debts from citizens of this commonwealth. AAL's principal place of business is located in Warren, MI.

5.     AAL regularly collects or attempt to collects debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

6.     Cavalry Portfolio Services, LLC is a foreign limited liability company, which has not registered to do business within the Commonwealth, with its principal place of business located in Valhalla, NY. Cavalry Portfolio Services, LLC is a user of information within the meaning of the FCRA.

7.     NCO Financial Systems, Inc. is a foreign corporation, which has registered with Kentucky Secretary of State to do business within the Commonwealth, with its principal business located in Horsham, PA. NCO Financial Systems, Inc. is a user of information within the meaning of the FCRA.

8.     Credit Control Services, Inc. is a foreign corporation, which has not registered to do business with the Commonwealth, with its principal place of business located in Newton, MA. Credit Control Services, Inc. is a user of information within the meaning of the FCRA.

9.     Revenue Recovery Corp. is a foreign corporation, which has not registered to do business within the Commonwealth, with its principal place of business located in Bartlett, TN. Revenue Recovery Corp. is a user of information within the meaning of the FCRA.

10.     Focus Receivables Management, LLC is foreign limited liability company that has registered with the Kentucky Secretary of State to do business within the Commonwealth, with its principal place of business located in Marietta, GA. Focus Receivables Management is a user of information within the meaning of the FCRA.

## BACKGROUND

**I.     Facts Relating to AAL**

11.     AAL filed suit against Mr. Johnson in Warren Circuit Court on October 11, 2012 in Case No. 12-CI-1446.

12.     AAL's Complaint against Mr. Johnson was based on an alleged debt on a credit card issued by Bank of America.

10.     Mr. Johnson used his Bank of America credit card account exclusively for family and/or household purposes, making the Bank of America credit card account a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

11.     Upon information and belief, AAL purchased Mr. Johnson's alleged charged-off credit card debt from Bank of America on May 3, 2012, and the amount due on the debt on the

date on the date of AAL's purchase was $7,257.42.

12.     AAL's state-court complaint against Mr. Johnson alleges claims that Mr. Johnson is indebted to AAL in the principal amount of "$7,257.42 plus accrued interest of $246.02 as of October 5, 2012."

13.     Mr. Johnson had no agreement or contract with AAL that allowed AAL to accrue interest on the debt.

14.     As of the date of the filing this Complaint, AAL had not obtained a judgment against Mr. Johnson, and so AAL has and had no present right to accrue interest on the alleged debt.

15.     On August 13, 2013, Mr. Johnson reviewed a copy of his consumer report from Trans Union.

16.     Mr. Johnson's Trans Union consumer report includes information from AAL that reports a balance due on his alleged debt to AAL in the amount of $7,964.00, which is $706.58 more than the amount due on the debt on the date that AAL allegedly purchased the debt

17.     AAL reported negative information to consumer reporting agencies for the purposes of collecting a debt from Mr. Johnson within the meaning of the FDCPA

18.     AAL's report to consumer reporting agencies, including but not limited to Trans Union, that Mr. Johnson owes AAL a balance of $7,964.00 is false because this amount includes interest and/or fees that AAL has no present right to impose or collect from Mr. Johnson.

## II.     Facts Relating to the Remaining Five Defendants

19.     Mr. Johnson's August 13, 2013 consumer report states that Cavalry Portfolio Services, LLC obtained a copy of Mr. Johnson's consumer report on March 28, 2013 for purposes of account review or other business transaction with Mr. Johnson.

20.     Mr. Johnson does not have an account with Cavalry Portfolio Services, LLC, has not transacted any business with Cavalry Portfolio Services, LLC, and, upon information and belief, Cavalry Portfolio Services, LLC never has had any right to collect any debt from Mr. Johnson.

21.     Mr. Johnson's August 13, 2013 consumer report states that NCO Financial Systems, Inc. obtained a copy of Mr. Johnson's consumer report on February 7, 2012 and November 11, 2011 for purposes of account review or other business transaction with Mr. Johnson.

22.     Mr. Johnson does not have an account with NCO Financial Systems, Inc., has not transacted any business with NCO Financial Systems, Inc., and, upon information and belief, NCO Financial Systems, Inc. never has had any right to collect any debt from Mr. Johnson.

23.     Mr. Johnson's August 13, 2013 consumer report states that Credit Control Services, Inc. obtained a copy of Mr. Johnson's consumer report on October 11, 2011 for purposes of account review or other business transaction with Mr. Johnson.

24.     Mr. Johnson does not have an account with Credit Control Services, Inc., has not transacted any business with Credit Control Services, Inc., and, upon information and belief, Credit Control Services, Inc. never has had any right to collect any debt from Mr. Johnson.

25.     Mr. Johnson's August 13, 2013 consumer report states that Revenue Recovery Corp. obtained a copy of Mr. Johnson's consumer report on October 29, 2012 for purposes of account review or other business transaction with Mr. Johnson.

26.     Mr. Johnson does not have an account with Revenue Recovery Corp., has not transacted any business with Revenue Recovery Corp., and, upon information and belief, Revenue Recovery Corp. never has had any right to collect any debt from Mr. Johnson.

27.     Mr. Johnson's August 13, 2013 consumer report states that Focus Receivables Management, LLC obtained a copy of Mr. Johnson's consumer report on October 26, 2011 for purposes of account review or other business transaction with Mr. Johnson.

28.     Mr. Johnson does not have an account with Focus Receivables Management, LLC, has not transacted any business with Focus Receivables Management, LLC, and, upon information and belief, Focus Receivables Management, LLC never has had any right to collect any debt from Mr. Johnson.

29.     Mr. Johnson is greatly disturbed, distressed, and concerned that the above Defendants obtained and reviewed his credit information and other personal information contained on his credit report without his permission and without any permissible purpose.

## CLAIMS FOR RELIEF

### I.     Violations of the Fair Debt Collection Practices Act

30.     The above-described actions by Asset Acceptance, LLC constitute violations of the Fair Debt Collection Practices Act.

31.     Defendant's, AAL's, violations of the FDCPA include, but are not limited to, the following:

(a)     AAL violated 15 U.S.C. § 1692f(1) by attempting to collect a debt that is not authorized by agreement or permitted by law, including but not limited to, adding interest and/or fees that it had no present right to collect on an alleged debt that AAL reported to consumer reporting agencies, including but not limited to Trans Union;

(b)     AAL violated 15 U.S.C. § 1692e(2)(A) by including but not limited to, adding interest and/or fees that it had no present right to collect on an alleged debt that

AAL reported to consumer reporting agencies, including but not limited to Trans Union. This constitutes the false representation of the character, amount, or legal status of the debt allegedly owed by Mr. Johnson; and

(c)      AAL violated 15 U.S.C. § 1692e(8) by including but not limited to, adding interest and/or fees that it had no present right to collect on an alleged debt that AAL reported to consumer reporting agencies, including but not limited to Trans Union. This constitutes communication of credit information that AAL knew or should have known was false.

## II.      Violations of the Fair Credit Reporting Act

32.      Cavalry Portfolio Services, LLC, NCO Financial Services, Inc., Credit Control Services, Inc., Revenue Recovery Corp., and Focus Management Receivables, Inc. knowingly and intentionally violated the FCRA by requesting Mr. Johnson's consumer report for an impermissible purpose. Therefore, Cavalry Portfolio Services, LLC, NCO Financial Services, Inc., Credit Control Services, Inc., Revenue Recovery Corp., and Focus Management Receivables, Inc. are each liable to Mr. Johnson for statutory damages of $1,000 or the actual damages he has sustained by reason of its violation of the FCRA, whichever is greater, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

Or in the alternative,

66.      Cavalry Portfolio Services, LLC, NCO Financial Services, Inc., Credit Control Services, Inc., Revenue Recovery Corp., and Focus Management Receivables, Inc.  negligently violated the FCRA by requesting Mr. Johnson's consumer report for an impermissible purpose. Therefore, Cavalry Portfolio Services, LLC, NCO Financial Services, Inc., Credit Control Services, Inc., Revenue Recovery Corp., and Focus Management Receivables, Inc.  for actual damages he has sustained by reason of each defendant's violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Jerry Johnson requests that the Court grant the following relief in his favor and against Defendant, Asset Acceptance, LLC:

1.      The maximum amount of statutory damages provided under 15 U.S.C. §1692k;

2.      Attorney's fees, litigation expenses and costs; and

3.      Such other and further relief as is appropriate.

WHEREFORE, Plaintiff, Jerry Johnson requests that the Court grant the following relief in his favor and against Defendants, Cavalry Portfolio Services, LLC, NCO Financial Services, Inc., Credit Control Services, Inc., Revenue Recovery Corp., and Focus Management Receivables, Inc.

1.      Award Plaintiff actual damages;

2.      Award Plaintiff statutory damages;

3.      Award Plaintiff punitive damages;

4.      Award Plaintiff reasonable attorney's fees;

5.       Award Plaintiff costs; and

6.      Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

/s/ James McKenzie
**James McKenzie**
*James R. McKenzie Attorney, PLLC*
4055 Shelbyville Road
Suite B
Louisville, KY 40207
Tel:     (502) 371-2179
jmckenzie@jmckenzieatty.com

**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road
Suite B
Louisville, KY 40207
Tel:     (502) 473-6525
Fax:     (502) 473-6561
james@kyclc.com